UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERMAN GOLLNER,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CONFORMIS, INC., A Delaware Corporation; ABC Corporations I-X, inclusive, BLACK AND WHITE Companies, and DOES I-XX, inclusive,<br><br>　　　　　　　Defendants. | Case No. 3:18-cv-00226-MMD-VPC<br><br>ORDER |

**I.　SUMMARY**

Before the Court is Defendant Conformis, Inc.'s petition for removal. (ECF No. 1.) This action was previously removed to this Court and remanded on the basis of insufficient allegations of diversity. *Gollner v. Conformis, Inc.*, 3:17-cv-00479-LRH-VPC ("First Action"), ECF No. 16. Defendant has now removed a second time, on the exact same basis. For the reasons discussed below, the Court again will remand this case.

**II.　PROCEDURAL HISTORY**

Plaintiff Herman Gollner sued Defendant for negligence and breach of warranty in state court in Nevada on July 3, 2017. (First Action, ECF No. 1 at 2.) Defendant removed on the basis of diversity jurisdiction on August 11, 2017. (*Id.*) Plaintiff filed a motion to remand on September 1, 2017 (First Action, ECF No. 10), and this Court granted the motion on September 26, 2017 (First Action, ECF No. 16). The Court explained that Defendant:

> failed to present the court with any evidence concerning Gollner's injuries or any calculation of Gollner's damages. Instead, [Defendant] relies on Gollner's declining to stipulate to an amount of damages as a basis to establish that the amount in controversy exceeds $75,000.

(*Id.* at 3.)

### III. LEGAL STANDARD

In the Ninth Circuit, "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a **new** and **different** ground for removal." *Gordon v. Republic Servs. Inc.*, No. CV 13-00134 GAF FFMX, 2013 WL 571814, at *1 (C.D. Cal. Feb. 8, 2013) (quoting *Kirkbride v. Cont'l Cas. Co.,* 933 F.2d 729, 732 (9th Cir.1991)); *see also Lara v. San Bernardino Steel Inc.,* 2011 WL 4480167, at *2 (C.D. Cal. Sept. 20, 2011) ("[A] party cannot remove a case twice based on the same grounds."). "[A] second attempt at removal is justified only when there has been a substantial change in the nature of the instant case since it was last in this court." *Gordon*, 2013 WL 571814, at *1 (quoting *GB Inland Props. v. Levay,* 2012 WL 4788390, at *1 (C.D. Cal. June 7, 2012)).

### IV. DISCUSSION

Defendant originally removed this action based on diversity jurisdiction and now removes a second time for the exact same reason. This time, Defendant relies on an interrogatory response to establish that the amount in controversy is greater than $75,000. (ECF No. 1 at 2; ECF No. 2-3 at 2 ("Plaintiff is asserting claims for the full cost of the surgery and all of his related medical bills in the amount of $105,191.01 . . . .").)

Defendant's removal is not based on new and different grounds—it is simply "offering additional evidence to prove what should have been proved in the first Notice of Removal"—the amount in controversy. *Gordon,* 2013 WL 571814, at *2 (quoting *Ybarra v. Apartment Inv. & Mgmt. Co.*, No. CV 12-05814 SJO JCGX, 2012 WL 4788398, at *1 (C.D. Cal. July 27, 2012)). "[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction." *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988). Because the Court remanded the case for

lack of subject matter jurisdiction, and Defendant raises no new grounds for jurisdiction, the Court lacks jurisdiction over this second removal.

**V.    CONCLUSION**

It is therefore ordered that this action is remanded to the Second Judicial District Court of the State of Nevada.

DATED THIS 18th day of May 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE